# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TONY DOZIER, | |
| Plaintiff, | |
| v. | Civil Action File No: |
| JB HUNT TRANSPORT CO., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Tony Dozier ("Dozier" or "Plaintiff") brings this action for relief and damages against Defendant JB Hunt Transport Inc.., ("JB Hunt" or "Defendant") based on the following:

## NATURE OF THE ACTION

This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. §623, et seq. ("ADEA"), based on Plaintiff Dozier's unlawful termination based on his age. Defendant also retaliated against Plaintiff Dozier for

engaging in protected activity in violation of § 623(d) by interfering with his efforts to gain employment post-termination. Plaintiff's action also presents a claim against JB Hunt for tortious interference with a business relationship with third parties, arising from JB Hunt acting with malice and intent to injure Dozier by making false and derogatory representations to Dozier's prospective employers following his termination of employment, which has caused those employers to fail to enter into anticipated business relationships with Dozier. In this action under federal and state law Plaintiff seeks compensatory damages, back pay, front pay, lost benefits, liquidated damages, punitive damages, as well as attorneys' fees and costs of litigation.

## THE PARTIES

2.      Dozier is a citizen of the United States. During the time of the events alleged in this complaint, Dozier was over the age of 40 who drove trucks for JB Hunt from its Forest Park hub located in Clayton County, Georgia.

3.      JB Hunt is a national trucking company that operates in Georgia.

4. JB Hunt is an ADEA covered entity because it employs more than 20 persons and has continuously been an employer engaged in an industry affecting commerce.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §§1331 and 1343.

6. Venue is proper in this district and division under 28 U.S.C.A. §1391 as Defendant conducts business in, and the alleged unlawful acts occurred in, this district and division.

## PERSONAL JURISDICTION

7. Defendant may be served with proper process concerning this civil action through its registered agent, presently registered with the Georgia Secretary of State Corporations Division: CSC of Cobb County Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff Dozier filed a charge of discrimination against Defendant JB Hunt with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2020-08317, on September 14, 2020. A copy of this charge is attached as Exhibit A.

9. Plaintiff Dozier subsequently filed an amended charge on January 7, 2021, alleging post-employment retaliation. A copy of this charge is attached at Exhibit B.

10. Plaintiff timely files this action within 90 days of the issuance of a Right to Sue Letter, which is attached as Exhibit C.

11. All administrative remedies have been satisfied prior to the filing of this civil action.

## FACTUAL ALLEGATIONS

12. In 2014, Dozier, at the age of 57, was hired as a truck driver at JB Hunt's Forest Park, Georgia facility.

13. Dozier drove for JB Hunt for six years, compiling an exemplary driving record, including an award for driving five continuous years without a safety violation. Dozier was never disciplined for any driving or safety infraction.

14. Dozier, who is 63 at the time this lawsuit is filed, observed that while JB Hunt employed drivers of various ages, there was an internal culture at the company that preferred hiring younger drivers, who were typically paid less and not close to eligibility for retirement benefits.

15. JB Hunt developed a reputation among employees for unjustified terminations of older drivers who were approaching retirement and as a result were on the verge of being entitled to receive substantial additional benefits from the Company.

16. On or about June 27, 2020, Dozier was suddenly informed that he was being terminated for misusing the cruise control function in his truck. Dozier had in fact always complied with all known safe driving protocols regarding cruise control, and JB Hunt did not identify to Dozier the nature of his alleged misuse of the function.

17. JB Hunt terminated Dozier without any form of progressive discipline, such as warning, reprimand, or suspension, and without any evidence that Dozier had an accident or had posed a safety threat.

18. Dozier was qualified to do his job as a truck driver at the time of his discharge.

19. Following his termination, Dozier's job duties as a truck driver were reassigned, delegated, or subsumed by predominantly younger truck drivers who could be paid less and were not as close to vesting for retirement benefits as Dozier.

20. Dozier was told by a JB Hunt employee that in the weeks before Dozier's abrupt firing, the company fired several other older drivers based on the same pretext of violating cruise control policies.

21. At the time he was terminated, Dozier was four months from vesting in JB Hunt's retirement benefits plan.

22. JB Hunt has no legitimate non-discriminatory reason for ending Dozier's employment.

23. JB Hunt's purported legitimate nondiscriminatory reason for ending Dozier's employment (i.e. - his alleged violation of cruise control policies) is a pretext for terminating his employment on the basis of age, in order to avoid continuing to pay him a higher salary (in comparison to younger drivers) and to avoid having to pay him retirement benefits.

24. Following his termination, Dozier filed an EEOC charge against JB Hunt on September 12, 2020.

25. Dozier has sought employment from several trucking companies since his termination. Throughout this process various said trucking companies have informed Dozier that JB Hunt provided false, derogatory information regarding his driving record and job performance. As a result, said trucking companies declined to hire Dozier.

26. Dozier has suffered harm because of JB Hunt's discriminatory and retaliatory conduct.

## COUNT I
### (Age Discrimination)

27. Dozier incorporates by reference all the preceding paragraphs of this complaint as though set forth fully and separately herein.

28. JB Hunt unlawfully discriminated against Dozier by terminating his employment because of his age.

29. JB Hunt's termination of Dozier's employment violates 29 U.S.C.A. § 623(a)(1).

30. As a result of JB Hunt's discriminatory conduct, Dozier has suffered monetary damages including but not limited to back pay, the loss of benefits and the opportunity to vest in the Company's retirement plan.

31. Dozier is entitled to liquidated damages equal to the amount of lost pay and benefits concerning JB Hunt's willful violation of the ADEA.

## COUNT II
### (Retaliation)

32. Dozier incorporates by reference all the preceding paragraphs of this complaint as though set forth fully and separately herein

33. By filing a charge of discrimination with the EEOC, Dozier engaged in protected activity by opposing conduct that he reasonably believed to be a violation of the ADEA and by participating in an investigation conducted by the EEOC.

34. JB Hunt has retaliated against Dozier for opposing discrimination under the ADEA or participating in an EEOC investigation by interfering with his efforts to gain new employment.

35. JB Hunt's retaliatory conduct is a violation of 29 U.S.C.A. §623(d).

36. As a result of JB Hunt's retaliatory conduct, Dozier lost compensation and other benefits of employment, and has suffered emotional distress, anxiety, and mental anguish.

## COUNT III
**(Tortious Interference with a business relationship)**

37. Dozier incorporates by reference all the preceding paragraphs of this complaint as though set forth fully and separately herein.

38. JB Hunt engaged in improper or wrongful conduct, without privilege, by providing false and derogatory information to prospective employers regarding Dozier's driving record and job performance.

39. JB Hunt acted with malice and intent to injure concerning its false and derogatory representations to Dozier's prospective employers.

40. JB Hunt's conduct caused third parties to fail to enter anticipated business relationships with Dozier.

41. JB Hunt's tortious conduct has proximately caused damage to Dozier, and as a result, Dozier lost compensation, benefits of employment, and he has suffered emotional distress, anxiety, and mental anguish.

42. Dozier is also entitled to punitive damages because of JB Hunt acting with malice and intent to injure him concerning the false and derogatory representations it made to Dozier's prospective employers.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands a trial by jury and that the following relief be granted:

A. Back pay, front pay, and lost benefits, including retirement benefits;

B. Compensatory damages to the extent allowed by law;

C. Liquidated damages;

D. Punitive damages;

E. Attorneys' fees and costs of litigation;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such other equitable and monetary relief as the Court deems just and proper.

Respectfully submitted, the 24th day of February 2021.

> HKM Employment Attorneys LLP
> *s/Artur Davis*
> Artur Davis[1]
> Jermaine "Jay" Walker
> 3355 Lenox Rd. NE
> Suite 660
> Atlanta GA 30326
> adavis@hkm.com
> 404-220-9165
> jwalker@hkm.com
> 404-301-4020

---

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action this same day. Davis is licensed in the state of Alabama and the District of Columbia.